

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00629-CV

———————————————

ERIC L. WESLEY, Appellant

V.

JPMORGAN CHASE BANK, N.A., Appellee

---

On Appeal from County Court at Law No. 3
Tarrant County, Texas
Trial Court No. 2024-007124-3

---

Before Kerr, Birdwell, and Wallach, JJ.
Memorandum Opinion by Justice Wallach

# MEMORANDUM OPINION

## I. Introduction

Pro se Appellant Eric L. Wesley allegedly stopped paying his Chase credit-card bill to Appellee JPMorgan Chase Bank, N.A. (the Bank) in February 2023. In February 2024, the Bank sued Wesley in justice court to recover $4,288.35 (the Chase case). *See* Tex. R. Civ. P. 500.1(a)–(b) (defining justice-court cases). The month before, the Bank sued Wesley in the same justice court to recover $2,971.27 that he had allegedly failed to pay on his Southwest Rapid Rewards credit card. *See Wesley v. JPMorgan Chase Bank, N.A.*, No. 02-25-00627-CV, 2026 WL 2066081, at *1 (Tex. App.—Fort Worth July 16, 2026, no pet. h.) (mem. op.) (referring to the earlier case as the Southwest case).

On the same day in August 2024, the Bank prevailed in the Southwest case, and Wesley prevailed in the Chase case. *Id.* As to their respective losses, each appealed de novo to the county court at law. *See* Tex. R. Civ. P. 506.1, 506.3. Starting in July 2025, Wesley moved to compel arbitration and later set his arbitration motions in each case for a hearing on the same date. *See Wesley*, 2026 WL 2066081, at *1.

After the November 4, 2025 hearing, the trial court declined to send either case to arbitration. *See id.* Wesley then brought interlocutory appeals in both cases, staying the December 1, 2025 trial date that had been reset—for the third time—in each case. *See id.*; *see also* Tex. Civ. Prac. & Rem. Code § 51.016 (allowing interlocutory appeal of denial of a motion to compel arbitration under the Federal Arbitration Act (FAA)).

2

Wesley's interlocutory appeal in the Southwest case on the same basis—denial of a motion to compel arbitration—has previously been resolved by this court. *See Wesley*, 2026 WL 2066081, at *1–9. We presented a consolidated factual recitation in that case because both appeals raised the same issues between the same parties while both cases were before the same county court at law. *See id.* at *1 n.1; *see also In re D.D.*, No. 02-25-00335-CV, 2025 WL 2177180, at *1 n.2 (Tex. App.—Fort Worth July 31, 2025, orig. proceeding) (mem. op.) (taking judicial notice of records in related proceeding involving same parties). We incorporate that consolidated factual recitation into this case.

In two issues, Wesley complains—as he did in the Southwest case, *see Wesley*, 2026 WL 2066081, at *1—that the trial court abused its discretion by denying his motion to compel arbitration "solely on the basis of alleged untimeliness" and that the FAA required enforcement of the arbitration agreement absent a showing of waiver or prejudice, which he asserted the trial court did not find.

Apart from the different cause numbers and slight differences in citations to record references, Wesley filed the same brief in each appeal, and the facts and the arbitration clause in each case are the same. Accordingly, based on the same record and reasoning as set out in *Wesley*, we overrule his two issues here, affirm the trial court's order, and remand the case for further proceedings. *See Mitschke v. Borromeo*, 645 S.W.3d 251, 256 (Tex. 2022) (discussing horizontal stare decisis as "the respect that [a] [c]ourt owes to its own precedents").

## II. Discussion

Although Wesley argues in this appeal, as he did in the Southwest appeal, *see Wesley*, 2026 WL 2066081, at \*5, that the trial court did not make any finding that he had waived arbitration and that his motion was denied "solely on the basis of alleged untimeliness," the record indicates otherwise. That is, during the hearings on the same arbitration agreement, as set out in *Wesley*, the trial court found more than one ground to deny relief, including both a small-claims exception and waiver.[1] *See id.* at \*4–5.

As we stated in *Wesley*, we review the denial of a motion to compel arbitration for an abuse of discretion. *See id.* at \*5; *see also Apache Corp. v. Wagner*, 621 S.W.3d 285, 294 (Tex. App.—Fort Worth 2018), *aff'd*, 627 S.W.3d 277 (Tex. 2021); *Estrada v. 12291 CBW, LLC*, No. 02-21-00154-CV, 2021 WL 4472612, at \*3 (Tex. App.—Fort Worth Sept. 30, 2021, no pet.) (mem. op). "We defer to the trial court's factual determinations if they are supported by evidence but review its legal determinations de novo." *Estrada*, 2021 WL 4472612, at \*3. Further, the record must be construed in a light favorable to supporting the trial court's ruling. *Id.* And because the trial court did not state a basis for its ruling in the order denying the motion to compel arbitration, we must uphold that ruling on any legal theory supported by the evidence. *Id.*

Pertinent portions of the three-page arbitration clause provided as follows:

> This arbitration agreement provides that all disputes between you and Chase must be resolved by BINDING ARBITRATION whenever you

---

[1]As in *Wesley*, the Bank did not file an appellee's brief in this appeal.

or we choose to submit or refer a dispute to arbitration. By accepting this arbitration agreement you GIVE UP YOUR RIGHT TO GO TO COURT (*except for matters that may be taken to a small claims court*). [Emphasis added.]

The arbitration clause stated only two exceptions—the small-claims exception and one for claims covered by the Military Lending Act (not applicable here). *See* Tex. R. Civ. P. 500.1(a)–(b) (defining a "small claims" case as for no more than $20,000 and governed by Rules of Civil Procedure 500–507, and a "debt claim" case as a claim in justice court for no more than $20,000, governed by Rules 500–507 and 508).

We incorporate from *Wesley* our analysis of the same arbitration clause. *See* 2026 WL 2066081, at *8–9. That is, in that case, we noted ab initio that Wesley had not addressed the small-claims exception set out in the arbitration clause's plain language. *See id.* at *8. The record reflects that the trial court mentioned this at the first of the back-to-back hearings during which it construed the arbitration clause, stating,

> Well, the problem is this case initiated in a justice court as a small claims proceeding. So it is covered by the exception to the arbitration agreement. This should have been made at that time and in that court. My court sitting in an appellate capacity has what's called derivative jurisdiction, which means I only have the jurisdiction of the justice court. So I don't -- No. 1, I don't think the arbitration clause applies. And No. 2, if it did, I believe it's untimely. And No. 3, it should have been filed in the lower court; otherwise, we've wasted all the judicial resources of the justice court.

*Id.* at *4.

During the second of the back-to-back hearings, again construing the same arbitration clause, the trial court also found waiver, stating,

5

What I'm suggesting is you fully participated in the underlying case regardless of -- it's not a court of record, so all I have to go on are a handful of vague notes written by the justice court and the documents that were filed, which, as I say, include requests is to conduct discovery. And there are Texas cases that say essentially once you've -- once a case has gotten to a certain point, you've waived your right to arbitration. That should have been the first thing you filed in the case is, "Hey, you can't sue me. You promised that we would arbitrate. We need to arbitrate." Instead, you decided to take a different course, which is entirely within your rights. Unfortunately, since we've already gone through the entire trial at the justice court -- as you say, this is an entirely new case for purposes of factual presentation, but I think there's been enough participation both in the lower court *and in this court* that the arbitration request has been -- has basically been nullified. *It's been waived.* [Emphases added.]

*Id.* at *5.

The consolidated record as set out in *Wesley* supports both rulings—one of which Wesley has failed to challenge. *See id.* at *8–9; *see also Estrada*, 2021 WL 4472612, at *3 (requiring court to uphold ruling on any legal theory supported by the evidence when order did not state basis for its ruling). Thus, we conclude that the trial court did not abuse its discretion by denying Wesley's motion to compel arbitration in the instant case, and we overrule his two issues.

## III. Conclusion

Having overruled both of Wesley's issues, we affirm the trial court's order and remand the case to the trial court for further proceedings.

/s/ Mike Wallach
Mike Wallach
Justice

Delivered:  July 30, 2026